Section 3585 normally ties pre-conviction imprisonment to a particular just or unjust conviction. In more typical circumstances, the statutory scheme would provide for compensation for pre-conviction incarceration in the case of someone unjustly convicted and imprisoned. This case, however, is atypical because the time imprisoned here is tied to a subsequent just conviction or threat charges, and the net period of incarceration for Mr. Crooker is zero as a result. Mr. Crooker will not spend a single additional day in prison as a result of his firearms offense. I guess but for the firearm charge and conviction and sentence, Mr. Crooker would not have been in jail between 2004 and 2007, right? There's an argument that once he was indicted in 2007 for the ricin charge and threat charge, then he would have been incarcerated at that point. But between 2004 and 2007, but for this unjust conviction, he wouldn't have been in prison during that time. Is that right? Well, no, I disagree because we know from the judgment the date of his offense is at issue, both of which are, well, whether as a pre-date or semi-contemporaneous in the case of the threat charges, with the silencer offense. So we do know the date of his offense from the judgment that is established as a matter of law. And the ricin was actually discovered on the same day that he was arrested. But he was never indicted until 2007. No, he was not indicted until 2007. That's correct. He couldn't have been incarcerated for that charge until he was indicted, and he wasn't indicted until 2007. That's true that he couldn't have been incarcerated, but he would have been indicted earlier if he were not already in prison. Ultimately- Do we have a declaration to that effect from someone from the federal government? No, we simply have the judgment, which establishes the date of his offenses. And we also have- We also have a record that establishes the date of the indictment, 2007. Yes, we do. We do have the date of the indictment, 2007. That's correct. And the indictment refers to the prior offenses. We have the- How about accepting my premise that he could not have been incarcerated for the just conviction and sentence until 2007 at the earliest? Just accept that for me. Then you would agree that but for the unjust conviction based on the misunderstanding of the law, he would not have been incarcerated between 2004 and 2007. You have to accept my premise. Because he was arrested on the firearms conviction, that's correct. But again, the statute also focuses on ultimately what you are convicted of. As we know, he would have been in pretrial detention. I'm trying to understand Judge Kaplan's analysis and I guess the Olson opinion analysis where there was a but-for causation line of thinking through these opinions. And who knows if that's right or wrong, but applying that to the facts here, it looks like in terms of but-for causation, this particular period of time, it's the unjust conviction that is driving this period of incarceration. Actually, Your Honor, that would be absolutely incorrect. It would be an arrest, but not the unjust conviction because that period of imprisonment is- I mean, initially you're arrested. You're arrested based on probable cause. Then you can be detained prior to trial. Again, that's not based upon a conviction because you haven't been convicted yet. So until he's actually convicted on the silencer charge, you can't say that period is attributable to an unjust conviction. He was convicted before the 2007 indictment, right? Yes, that's correct. Okay, so we're back where we started from. No, again, because we still have the problem. Pretrial imprisonment, the Supreme Court has established, is non-punitive. It's not associated with conviction. It's based upon a regulatory need that the government may have to keep someone in prison for a reason such as dangerousness to the community, a flight risk, something along those lines. It's not actually tied to a conviction until such time as one is sentenced by virtue of 3585. So in order to tie these- He was convicted in 2006, right? Of the firearm charge. He was convicted in July 11, 2006 and sentenced in June 2007. Right. That's correct. So the only point I'm trying to make is that those things occurred before the Rison indictment. Yes. Yes. Therefore, the conviction and sentence locked in all that incarceration time being attributed to this unjust conviction. And we would disagree that they lock it in because at the end of the day, he ultimately- I mean, if you're talking about but for causation, no, we would disagree with that. In any event, as we've noticed, pretrial conviction is different and the statute itself requires a conviction for pretrial damages that one be convicted, not merely an arrest or charge. We do believe that as a general matter, 3585 for most plaintiffs would provide that hook effectively to allow for damages for pretrial imprisonment. But in those particular- When you're using 3585, the problem you run into in this case is that all the time has been credited to a separate sentence, the sentence for the Rison and threat charges. The judgment in the Rison threat offenses also establishes the date of the offenses at issue, which predate or are contemporaneous with the silencer offenses. Again, Mr. Crooker has not served a single day of additional incarceration. Your theory doesn't matter in terms of the timing of the alleged criminal conduct, whether it's the Rison or the firearm. I mean, you seem to be referencing that a few different times. I'm trying to figure out, does it matter for your theory? Does it matter for our theory that- Right. The sentencing credit comes over and takes away this period of incarceration attributed to the unjust conviction. That's your theory. What I'm trying to understand is, does it matter in terms of the timing of the alleged crimes occurred? Timing does have a component under 3585. The time of the offense actually affects whether or not ultimately you would be entitled to be credited up against a separate sentence. So timing is certainly relevant. I think our argument ties- I apologize. But only for that purpose, right? It's not like you needed the Rison conduct to have occurred before the firearm conduct to have occurred in order to make this sentencing credit theory work. Actually, it's kind of the opposite. It needs to be contemporary and as we're after for the sentencing theory to work, not ultimately before. Because part of the way 3585 operates. I mean, for us, we don't divorce both our analysis of 3585 and particular facts of this case from consideration. I mean, Mr. Crooker served- this is more akin to someone who's been sentenced on consecutive sentences. He did not ultimately get out of prison. He was in prison this entire time period. Where there might be a gap, 3585 would also come to play, but the facts might be a little bit different. And we do acknowledge that on different facts, we might have a slightly different result. More importantly, under the statute, there are some facts which clearly would merit a different result. Say we had two different kinds of convictions, one of which was a capital crime, one of which was a non-capital crime. The statute itself distinguishes between two of those. And one, simply by having a credit, wouldn't be denied compensation in the event where one was- Counsel, you want to tuck in the time served for the unjust firearm charge into the longer time for the conviction that was valid. And how do you do that statutorily? Is there a basis for you to start that in 04 as a time when he could have been charged? But for now, I don't think statutorily the statute talks about but for- 3585 is what ties these things together. Ultimately, at the end of the day, you have a conviction. And the conviction and sentence, you then would use through 3585 to tie in that pretrial imprisonment to that punishment to that conviction. So our statutory tie-in comes 3585. The problem with the statute in Fairness Trial Court is it does not define period of incarceration. It does not define where we don't know where- On the language of 3585, quote, that has not been credited against the sentence? Yes. Well, I mean, that is- Section B provides- well, it provides a commencement of a sentence. And then it goes further. The defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, one, as a result of the offense for which the sentence was imposed. That would cover a pretrial normally. And Section 2, as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. And then it gets into that has not been credited against another sentence. And the problem is we know ultimately, as a matter of law, that all that time is now credited against a separate sentence. You're saying he gets the credit, therefore, he shouldn't get the cash under 14- well, under 2513. That's correct, Your Honor. And I see him over my time. OK. Let's hear from the other side, Mr. Miller. Mr. Young. Thank you, Your Honor. May it please the court. This is a fairly straightforward case in that Mr. Crooker is entitled to compensation under the unjust Conviction and Imprisonment Act. He was unjustly convicted. The Court of Appeals for the First Circuit overturned that conviction, and he was issued a certificate of innocence. Under the unjust Conviction and Imprisonment Act, he is entitled to up to $50,000 per year for each and every year that he served while he was serving an unjust sentence. The total period that he served that sentence was a little over six years. And it breaks down into three periods. Problem is period of incarceration, right? And you've got this 3585 sentence that provides for crediting calculation. Your Honor, the crediting statute and the compensation statute are separate. They serve totally separate purposes. And as the judge at the Court of Federal Claims found, those purposes are very different. First, crediting statute is not one that is within the province of the district court. It is a statute that is imposed by operation of law through the Attorney General. Back up just for a second. In most criminal cases, an individual is tried, convicted. A sentence is imposed. However, that sentence is implemented by the Attorney General, who sets the actual terms and conditions of incarceration. Where you go, how long you go. 3585 provides an automatic crediting process as part of the Crime Control Act. It has nothing to do with the Unjust Compensation Act. They act in two different spheres. The problem for us is that they are interacting on the facts of this case. I mean, obviously, the Sentencing Credit Act is to avoid double punishment. You've already been in jail for a while for some other reason. We're going to give you credit for that and shorten the length of your sentence in the sense that you're going to be able to get out earlier due to your just conviction. However, at the same time, it seems a little nonsensical. Just as the Congress is trying to avoid double punishment, it doesn't seem like it would if you're getting paid for the exact same time you're getting a sentencing credit for. That seems a bit illogical. That's why I'm over here trying to figure out if maybe the time that was originally attributed to the unjust conviction is now, thanks to the sentencing credit statute, is now being attributed to the just conviction. I don't believe it. As I understand it, Judge Chen, you're concerned. And I think that the lower court actually answered your concerns. First, it's found that the sentence credit does not undo the fact of an individual actually serving a period of incarceration. That it is not, in fact, the fungibility between time served and compensation. He's going to be a free man earlier than he otherwise would be. He's going to get out a few years earlier from his just conviction and sentence, given the fact that he already served some time up front. By operation of an automatic credit that is, in fact, outside of the process of actually setting the sentence. But also consider what is the value of serving time at age 70 or being free at age 54. Again, I think that the lower court actually answered some of this by saying that even this crediting argument, assuming that there's a fungibility, does not account for the injuries that occur while you're incarcerated. You are incarcerated unjustly. You are an innocent individual. And the court was fairly clear in the early part of this decision saying that the government does not deny that during this time of detention, Mr. Cooker suffered a number of injuries relating to his unjust conviction and the conditions of his incarceration. It goes through a series of things that happens to an individual being incarcerated. So I don't think that you bank necessarily time. There are two separate regulatory systems. They come out of two different statutory schemes. One, the unfair compensation act, the justice for all act, which is very clear that we want to compensate individuals who are unjustly compensated, and the effort and bail reform where we are in the Crime Control Act attempting to try to justify and rationalize sentences. And the fact that the two were in play here is seen in the plea agreement in the Toxin case where the United States government and Mr. Cooker agreed to both. Agreed that he could continue the case in the federal claims court and that he would get the credit under 3585. In fact, it's expressly provided in the plea agreement that he would get the credit and that he could maintain the lawsuit. So if there's any evidence, Judge Shen, of what was contemporaneously going on, it is in fact that the government in the sentencing of Mr. Crooker in the second case seemed to agree to exactly the result that we have. Has there been any period of Mr. Crooker's incarceration that's been credited to the unjust sentence at this point today? It's difficult because of the way the credit works. In the beginning, when he was charged with the sentencing case, he was in fact given credit under B1 for the time that he had served pre-trial. So he gets credit from the moment you go into jail to the time that you get out, a credit occurs. In this case, when he was finally convicted of the toxin case, that credit then converted from the B1 relating to the science link case to a credit for the instances that he's in jail today for, and that is the toxin case. So then the answer to my question is there is no period of incarceration that Mr. Crooker's experienced that is credited to the unjust sentence? In the sense of where we are today, that's correct, Your Honor. There are two other periods, very briefly, that we have raised on the cross appeal, and that is first the lower court found that the damages ran to December of 2007 when there was a sealed indictment in the Rison case. We suggest, Your Honors, that that should have run at least until the Rison case indictment was unsealed in January. It's an additional 55 days. Finally, Mr. Crooker's position is that the award should run until he is actually released from the science link case. You may recall that what happened is that in September of 2010, following the Court of Appeals for the First Circuit's Certificate of Innocence, he is released from prison and immediately re-arrested or arrested and then becomes subject to now the Rison case, for which he is serving time today. Well, what would you have wanted the government to do back when they indicted Mr. Crooker in December 2007? He was already in jail. He was already imprisoned. I mean, there was no way to say, okay, now that you've been indicted, we're putting you in prison twice over, starting today. You've been on notice now. That doesn't make sense, right? First, I think we would at least run the period through the time that the indictment is unsealed. He could not have been arrested or unsealed. As to the second period, is Mr. Crooker's position that the period he served from January of 2008 through his release in September 2010, he served in post-conviction status. That means that he was forced to work. He believes, and there is a case in Massachusetts to this effect, that he should not have been forced to work, that but for his silencer conviction, following indictment in the Rison case, he would have been in pretrial holding, and that would have run until he was convicted in the Rison case, and that would have at least run through September 10th of 2010, when he is finally released in the sentencing case. The net effect is that primarily, we seek affirmance of the court's opinion below, awarding him some $172,000 based on damages that arise out of the unjust conviction. We believe that the court's decision below is well-reasoned. In fact, it highlights the fact that there is not a fungibility between these credits and unjust conviction for the simple reason that the unjust conviction deals with a liberty interest, a loss of liberty which you have lost your ability to have a life, as the evidence here of a girlfriend, a job, to actually be a contributing member of the society, that that liberty interest is worth something, and I think the court was very clear in saying that that liberty interest was worth damages, and it's that liberty interest that the Congress of the United States in the Unjust Conviction and Imprisonment Act expressly had in mind. In fact, one of the things that is, I think, particularly interesting is that when the Justice for All Act was amended, there was an effort to increase the amount to $50,000, and it is clear from the legislative history cited in our brief that there was an attempt to, in fact, compensate people who had been unjustly convicted, and for part of his existence in the federal system, Mr. Corker clearly has been unjustly convicted. I think the court below masterfully dealt with the balancing. I think had there not been a resident case, this would have been an easy claim before the federal court of claims for the $50,000 a year times the period he had served. With that, I thank you very much, Your Honors. Okay, thank you, Mr. Young. Mr. Mager. Thank you, Your Honor. I'll just like to briefly address a few points that were raised. First of all, you know, while the appellee refers to the liberty interest, there was no net loss of liberty here. And while they argue that time is not a factor, at the end of the day, the statute does refer to a period of incarceration. It doesn't merely refer to incarceration. So time is expressly a factor under the statute. The appellee mentioned- You say there was no net loss of liberty. What is that based on? Based on the fact that he could have been indicted earlier for the ricin crime? It's based on the fact that he has not served a single day or will not have served a single day in prison that he would not have served in terms of period of incarceration. I mean, he will be in prison because of the credit that he received for the ricin threat charges. He's not going to have spent a single additional day in prison. He's going to be out much earlier than otherwise would have been the case. The plaintiff incorrectly provides that the plea agreement agrees that he could continue the Court of Federal Claims case. That's a little inaccurate. The plea agreement, which we haven't relied upon, doesn't mention the Court of Federal Claims case. All it does is it requires the dismissal of claims currently pending in the district court against that particular AUSA in Massachusetts that the AUSA in Massachusetts was defending. It says nothing either way about the Court of Federal Claims case. So we can't rely upon it to say he meant to dismiss it, but it would also be incorrect to rely upon it to say that meant he could continue and recover in the Court of Federal Claims case. Why didn't the government negotiate that in to the package? I wish I had a good answer. The record doesn't reflect why that wasn't negotiated in the package. The only thing I can say is that it appears that the AUSA was focused upon the cases he was defending, so less so the Court of Federal Claims case. But there's not a clear answer for why the United States didn't build that in. I think everyone's job would be a lot easier if it actually was included in the plea agreement. We'd be having a very different discussion here today. A couple of notes on the cross appeal. Again, a lot of this is in our record again, but the plaintiff did incorrectly state that he could not be arrested on a sealed indictment. That's incorrect. Sometimes the point of having a sealed indictment is to arrest someone in the first instance, but once you become arrested, it does become unsealed. So it can be unsealed either early or, as occurred here, or ultimately when you're arrested, it becomes unsealed because you have to have some idea often of the charges against you within a certain period of time. And as for his other claims, again, we talk about this in the brief. We believe it's primarily a 13th Amendment claim, which would need to have been pursued in district court. And his arguments about causation of damages don't answer the trial court's point, which was causation of incarceration. The court presumed he would be damaged for the relevant period of time. It simply didn't believe that his incarceration was ultimately caused by that. Unless there are any further questions? Okay, thank you. Thank you, Mr. Yeung. The case is taken into submission.